UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
*ex rel.* GERALDINE PETROWSKI,

    Plaintiff,

v.                                                     Case No: 8:15-cv-1408-T-30JSS

EPIC SYSTEMS CORPORATION,

    Defendant.
_____/

## **ORDER**

THIS MATTER is before the Court on Defendant's Emergency Motion to Strike and/or Place Under Seal Exhibits D and E to Plaintiff's Second Amended Complaint ("Motion") (Dkt. 31), and Plaintiff's response in opposition (Dkt. 33). While the Motion seeks to strike or seal the exhibits, the Motion is limited to argument regarding sealing the exhibits. As Defendant has advanced no basis for striking the exhibits, the Court limits its consideration to whether the exhibits should be sealed. For the reasons that follow, the Motion is granted as to Defendant's request to seal Exhibits D and E to Plaintiff's Second Amended Complaint (Dkt. 23).

Plaintiff Geraldine Petrowski sues Defendant for violations of the False Claims Act, 31 U.S.C. § 3279, *et seq.* (Dkt. 23.)[1] Plaintiff alleges that Defendant is a healthcare software company that offers billing systems to healthcare providers for billing private insurers, Medicare, and Medicaid. (*Id.* ¶¶ 4–5.) From 2008 through 2014, Plaintiff was employed by WakeMed Health and, as part of her job, served as the liaison for implementing Defendant's software at WakeMed

---

[1] In February 2017, the United States notified the Court that it declines to intervene in this action but acknowledges that Plaintiff is permitted by statute to maintain the action in the name of the United States. (Dkt. 12.) In October 2017, on the motion of the United States, the Court unsealed certain filings in this case, including Plaintiff's Second Amended Complaint and its exhibits, and directed Plaintiff to serve Defendant with the Second Amended Complaint. (Dkts. 27, 28.)

from 2012 through 2014. (*Id.* ¶ 9.) During this time, Plaintiff alleges that she learned that Defendant's software does not comply with current Medicare billing protocol for reimbursement of anesthesia services. (*Id.* ¶ 13.) Specifically, Plaintiff alleges that Defendant's software submits claims for reimbursement under both Medicare's current billing protocol, which requires hospitals to submit the physician's actual time spent on a given procedure for reimbursement, and Medicare's old billing protocol, which was to bill in "base units" of fifteen minutes. (*Id.*) This results in providers being reimbursed twice for the same service. (*Id.*) Accordingly, Plaintiff sues Defendant for violations of the False Claims Act. (*Id.* at 11–15.)

In support of her allegations, Plaintiff attaches two billing manuals Defendant provides to its clients, which are titled "Anesthesia Billing Self-Study Guide" and "Anesthesia Billing." (Dkts. 23-4, 23-5.) These manuals, Plaintiff alleges, demonstrate that Defendant "continues to improperly include base units in its billing protocol thereby resulting in overbilling to payors including Medicare and Medicaid." (Dkt. 23 ¶ 20.) In the Motion, Defendant moves to seal these exhibits, arguing that Defendant's manuals are confidential and proprietary and, therefore, should not be made available to the public, including Defendant's competitors. (Dkt. 31.) Defendant argues that the manuals are Defendant's training materials "that describe the functionality, capabilities, and configurations of [Defendant's] billing software." (*Id.* ¶ 1.)

"The operations of the courts and the judicial conduct of judges are matters of utmost public concern, and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (internal citations omitted). Complaints are judicial records subject to the common law right of access to inspect and copy public documents. *F.T.C. v. AbbVie Prod. LLC*, 713 F.3d 54, 62–63 (11th Cir. 2013). Importantly, exhibits attached

to a complaint are also judicial records subject to the common law right of access. *Id.* at 63 (quoting Federal Rule of Civil Procedure 10(c) and reasoning that "[i]f a complaint is a judicial record, then it follows that attached exhibits must also be treated as judicial records" because "'[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes'").

Nonetheless, "[w]hen a party seeks to seal only particular documents within the record, our task is only 'to balance the competing interests of the parties.'" *Perez-Guerrero v. U.S. Atty. Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013) (citing *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304 (11th Cir. 2001)). In determining whether a seal is appropriate, courts use the good cause standard set forth under Federal Rule of Civil Procedure 26(c), which "permits a court upon motion of a party to make a protective order requiring 'that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way.'" *See Chicago Tribune Co.*, 263 F.3d at 1313 (citing Fed. R. Civ. P. 26(c)(1)(G)). Issuance of a protective order requires that the moving party demonstrate "good cause," which requires courts "to balance the party's interest in obtaining access against the other party's interest in keeping the information confidential." *Id.* A movant must demonstrate that the documents at issue "do in fact contain trade secrets," meaning that the party "must have consistently treated the information as closely guarded secrets, that the information represents substantial value to [the party], that it would be valuable to [the party's] competitors, and that it derives its value by virtue of the effort of its creation and lack of dissemination." *Id.* at 1313–14. "Should the district court determine that these documents do in fact contain trade secrets, the district court must balance [the party's] interest in keeping the information confidential against the [ ] contention that disclosure serves the public's legitimate interest." *Id.* at 1314.

Courts also consider the following factors in balancing the public's interest against a movant's interest:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246. Importantly, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id.*

Here, Defendant has an interest in keeping its proprietary billing software manuals private from its competitors. Defendant, as demonstrated by the affidavit of Defendant's Senior Vice President, makes these manuals available to its customers who license its software, like WakeMed, through a secure portal, and Defendant's customers agree to maintain the confidentiality of Defendant's software and information. (Dkt. 31-2 ¶¶ 3–5.) Defendant's manuals do not involve public officials or public concerns. Upon review of the exhibits and the affidavit of Defendant's Senior Vice President, the Court concludes that Defendant's interest in protecting the confidentiality of its proprietary materials overcomes the public's interest in having access to these documents. *See U.S. ex rel. Westfall v. Axiom Worldwide, Inc.*, No. 806-CV-571-T-33TBM, 2008 WL 5341140, at *4 (M.D. Fla. Dec. 19, 2008) (sealing a training manual attached as an exhibit to a complaint in an action for violations of the False Claims Act); *Trailer Bridge, Inc. v. PCS Nitrogen, Inc.*, No. 309-CV-675-J-25MCR, 2009 WL 2231704, at *1 (M.D. Fla. July 24, 2009) (sealing exhibits to a complaint because they "contain[ed] clauses requiring them and all terms and conditions contained in them to be treated as confidential and exempt from publication to third parties").

Accordingly, it is

**ORDERED**:

1. Defendant's Emergency Motion to Strike and/or Place Under Seal Exhibits D and E to Plaintiff's Second Amended Complaint (Dkt. 31) is **GRANTED** as to Defendant's request to seal Exhibits D and E.

2. The Clerk is directed to accept, under seal, Exhibits D and E to Plaintiff's Second Amended Complaint (Dkts. 23-4, 23-5).

3. The documents shall remain under seal for a period of one (1) year. *See* M.D. Fla. Local R. 1.09(c).

**DONE** and **ORDERED** in Tampa, Florida, on November 13, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record