# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA,**
*ex rel.* Geraldine Petrowski

        **Plaintiff/Relator,**

        v.

**Epic Systems Corporation,**
        **Defendant.**
_____/

**CIVIL ACTION NO. 8:15CV1408T30EAJ**

---

## RELATOR'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS ITS AMENDED COMPLAINT

---

**DAVID J. LINESCH, ESQ.**
Florida Bar No. 0373078

**DANIELA CARRION, ESQ.**
Florida Bar No. 125366

*LINESCH FIRM, P.A.*
700 Bee Pond Road
Palm Harbor, FL 34683
Telephone: (727) 786-0000
                Fax: (727) 786-0974
Email: Laborlaw@Lineschfirm.com
Attorneys for Plaintiff/Relator

## PRELIMINARY STATEMENT

Relator, Gerraldine Petrowski, by and through her undersigned counsel file this Memorandum of Law in Opposition to Defendant's Motion to Dismiss her Second Amended Complaint. Defendant contends that Relator's Second Amended Complaint does not comply with the pleading requirements under Federal Rule 9(b) and Rule 8(a)(2) due to its failure to plead with particularity.

Initially, it is important to note that nothing in Defendant's Motion to Dismiss belies the basic allegations of the Complaint that Epic Software knowingly sells medical billing software which overcharges for anesthesia services. The correct billing formula under the 5010 billing protocol is to merely report the physician's actual time. Base units are not to be reported by the medical provider, but instead are added in by Medicare and Medicaid based upon the specific nature of the medical procedure underlying the bill. Epic's medical billing software for anesthesia services incorrectly directs the medical provider to include their actual time, and the base units associated with the medical procedure. As a result of Epic's bill the Payor (including Medicare and Medicaid) is double-billed the base units on form 5010, thereby fraudulently overcharging Medicare/Medicaid. Indeed, when Relator challenged the Epic employee responsible for assisting WakeMed's implementation of the Epic software about this obvious flaw in the billing software, he suggested that Relator not worry about it, that; "***all other hospitals are billing base units***" pursuant to the Epic Software which allows for an incorrect overcharge or overbilling in violation of CMS regulations. [Dkt. 23 at 14]

Overcharging of physician's time applies to all bills issued to private Payors (insurance companies) and the government agencies of Medicare and Medicaid. The only sample bill

1

Relator could procure, is the one attached to the Complaint which does indeed directly and specifically support her allegation that Epic's software, by including base units in the initial bill submitted by the provider that are in addition to the provider's actual time, results in a double billing of base units for all anesthesia bills - private and public. The enormity of this fraud is substantial, and could reach hundreds of millions of dollars in light of Epic's exceptional market penetration.

In sum, the fraud alleged is pled very specifically with regard to the narrow and specific issue presented by Relator in her Complaint. Further this allegation is buttressed by the anesthesia bill attached to the Complaint showing that the Epic billing software indeed produced a bill which incorrectly double-bills for the time component. Epic's billing software is the same for private and public Payors including Medicaid and Medicaid. Accordingly, Defendant's arguments are not supported by the pleadings and the associated case law, and their Motion should accordingly be denied.

**MEMORANDUM OF LAW**

**RELATOR'S AMENDED COMPLAINT COMPLIES WITH THE PLEADING REQUIREMENT UNDER THE FEDERAL RULES OF CIVIL PROCEDURE AND THE FALSE CLAIM ACT**

*A. Standard of Review on a Motion to Dismiss a False Claim Act Complaint*

When considering a Motion to Dismiss, this Court should accept the well-pleaded facts in the Complaint as true, and construe them in the light most favorable to the Plaintiff. *Ashcroft v. Iqbal*, 129 S. CT. 1937, 1950 (2009). To survive a Motion to Dismiss, a Complaint need only "state a claim to relief that it is plausible on its face" *Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 570 (2007). As the United States Supreme Court clarified, "a well-pleaded complaint may

proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable" and recovery unlikely. *Iqbal*, 129 S. CT. at 1959; *Twombly*, 550 U.S. at 556.

The purpose of Rule 9(b)'s requirement is to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). However, Rule 9(b) does not itself set forth any standard for determining when an averment of fraud is pleaded with sufficient particularity, and the Eleventh Circuit has "declined to establish a hard and fast rule for what a Complaint must allege to comply with the requirements of Rule 9(b)." *Aldridge v. Lily-Tulip, Inc.*, 741 F. Supp. 906, 913 (S.D. Ga. 1990) afforded in part and revised in part on this grounds, citing *Durham v. Business Management Associates*, 847 F.2d 1505 (11th Cir. 1988).

"The particularity rule serves an important purpose in fraud actions by alerting Defendants to the precise misconduct with which they are charged, and protecting Defendants against spurious charges of immoral and fraudulent behavior." *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1359 (11th Cir. 2006) (quotation marks omitted). Rule 9(b) is to be read in conjunction with Rule 8's guidance that a Complaint need only provide "a short and plain statement of the claim showing that the [Plaintiff] is entitled to relief, and that each averment of the Complaint should be simple, concise, and direct" *Hill v. Morehouse Medical Associates*, 2003 WL 22019936 at 3 (11th Cir. Aug. 15, 2003). Here, the Relator's Second Amended Complaint meets these federal pleading requirements, as the Relator pleaded with particularity in her Second Amended Complaint the fraud perpetrated by Epic Systems, and alerted them to the "precise misconduct." *Atkins* 470 F.3d at 1350.

### B. The Amended Complaint Meets all of the Requirements to Comply with the False Claim Act and Rule 9(b)

#### 1. Relator Pled Epic Systems Fraudulent Submission with Particularity

As the submission of the actual claim to the Government for payment is "the e sine qua non" of a False Claim Act violation, *United States ex rel. Clausen v. Lab. Corp. of Am.,* 290 F.3d 1301, 1311 (11th Cir. 2002), a Relator must "plead the submission of a false claim with particularity." *United States ex rel. Matheny v. Medco Health Solutions Inc.*, 671 F.3d 1217, 1225 (11th Cir. 2012). A False Claim Act Complaint must also have "some indicia of reliability… to support the allegation of an actual false claim for payment being made to the Government." *Clausen*, 290 F.3d at 1311. This Court evaluates "where the allegations of a Complaint contain sufficient indicia of reliability to satisfy Rule 9(b) on a case-by-case basis" *Atkins*, 470 F.3d at 1358 and it is not a "one-size-fits-all" rule as to what specific details must be alleged to satisfy Rule 9(b). See *Clausen*, 290 F.3d at 1312.

Providing exact billing data—name, date, amount, and services rendered—or attaching a representative sample claim is one way a Complaint can establish the necessary indicia of reliability that a false claim was actually submitted. See, e.g., *Hopper v. Solvay Pharm., Inc.*, 588 F.3d 1318, 1324 (11th Cir. 2009); *Atkins*, 470 F.3d at 1358. However, there is no per se rule that an FCA Complaint must provide exact billing data or attach a representative sample claim. See *Clausen*, 290 F.3d at 1312.

Relator's Second Amended Complaint "satisfies Rule 9(b) [as] it sets forth facts substantively and succinctly Defendant's alleged fraud, specifically the details of the Defendants' allegedly fraudulent acts, when they occurred, and who engaged in them." *Hopper* 588 F.3d at 1324. Relator states that Epic Systems was the perpetrator of fraudulent acts. Specifically, Epic Systems was warned various times by Relator that it's medical billing software double-billed for anesthesia, and Defendant readily admitted to Relator through its

4

implementation representative that it was aware of this fact, but that its customers did not have a problem with it (no doubt because of the double or additional revenue!). Relator also provides specific facts as to time, place, and substance of Defendant's alleged fraud. [Dkt. 23 at 13-17]

Relator includes in her Second Amended Complaint, one sample anesthesia bill [Dkt. 23 at 18, 19] which meets the particularity requirement. The sample anesthesia bill includes "the particular document and statement alleged to be false, who made or used it, when the statement was made, how the statement was false, and what the Defendant's obtained as a result." *United States ex rel. Matheny v. Medco Health Solutions Inc.*, 671 F.3d 1217, 1225 (11th Cir. 2012). The sample anesthesia bill of John Doe, June 15, 2016 specifically supports Relator's allegation that Epic Systems software was in fact double-billing anesthesia. While the double-billing is represented in a Blue Cross Blue Shield anesthesia bill, the same bill would have been created to bill Medicare or Medicaid[1]. [Dkt. 23 at 18, 19]

> ...the total time in minutes actually spent performing the procedure. Although fifteen minutes is equivalent to one (1) time unit of anesthesia in Exhibit B, the provider billed 28 units of CPT code 00865, which is the equivalent to 420 minutes, *Id.* at 2 and accounts for seven hours of billed anesthesia. In the anesthesia Procedure Summary (Exhibit C) however, it states the anesthesia start time as 07:08 AM and anesthesia stop time as 11:57AM, which is a total of 4 hours and 49 minutes, which should only account for a total of 19 billed units. This results in the overbilling of 9 units, or 2 hours and 15 minutes.
>
> Per Medicare Claims Processing Manual, Chapter 12, Section 140.3.2 provides the following guidance: Anesthesia time means the time during which a qualified nonphysician anesthetist is present with the patient. It starts when the qualified nonphysician anesthetist begins to prepare the patient for anesthesia services in the operating room or an equivalent area and ends when the qualified nonphysician anesthetist is no longer furnishing anesthesia services to the patient, that is, when the patient may be placed safely under postoperative care. Anesthesia time is a continuous time period from the start of anesthesia to the end of an anesthesia service.

---

[1] In instances where Medicare or Medicaid are secondary insurance, the private insurance transfers the bill to them. No other bill is generated by the Hospital.

CPT code 55866, for a laparoscopic prostatectomy, has a corresponding anesthesia CPT code of 00865, which was billed by the anesthesiologist. The number of base units assigned to CPT code 00865 is seven. As Medicare's guidance states that anesthesia time begins when the anesthesia personnel "begins to prepare the patient for anesthesia" and ends "when the patient may be safely placed under postoperative care", MD Anderson may be additionally billing two units to account for time prior to the actual initiation of anesthesia and time after the stop time of anesthesia. Per Novitas Solutions, the Medicare contractor for Texas, where MD Anderson is located, only "*the actual anesthesia time in minutes*" is reported on the claim form.

This Court should find that Relator's allegations regarding Epic's defective billing software violates the False Claim Act by specifically resulting in a double-billing of the time component for anesthesia services meets the Rule 9(b) required level of specificity. The Second Amended Complaint sufficiently pleads the submission and payment of the claims that were "in fact submitted to the Government." *Hopper.* 588 F.3d at 1328. The Amended Complaint provides clear evidence that Epic is double-billing anesthesia. [Dkt. 23 at 18-19]

### 2. Relator Possesses a Strong Indicia of Reliability by Being in a Position to Know that Actual False Claims were submitted.

Should this Court find that the Relator could not establish some indicia of reliability on the detailed information about the representative claims, another way a Relator can establish some indicia of reliability as required by *Clausen* is, by showing that Relator was personally in a position to know that actual false claims were submitted to the Government, and had a factual basis for her alleged personal knowledge. *U.S. ex rel. Walker v. R & F Props. Of Lake County, Inc.*, 433 F.3d 1349, 1360 (11th Cir. 2005) (noting that allegations of personal knowledge resulting from employment with the Defendant's, and discussions with the Office Manager about the submission of claims provided a basis for the Relator's knowledge). See also *Hopper*, 588 F.3d at 1326 (indicating that a Relator may satisfy Rule 9(b) by alleging "personal knowledge of

the Defendant's billing practices that g[i]ve[s] rise to a well-founded belief that the Defendant submitted actual false or fraudulent claims").

As a Compliance Review Specialist and Supervisor of the Physician's Coding Team for Epic Systems, Relator was able to provide first hand knowledge in regards to the fraud perpetrated by Epic Systems. [Dkt. 23 at 3, 9, 11] Relator correctly alleges that she is qualified to establish that she is familiar with Defendant's billing system and its processes. [Dkt. 23 at 9] Relator is also qualified to expand and interpret the required underlined guidelines as required by Medicare and Medicaid, in order to conduct due diligence on anesthesia billing. Relator also states she has first hand knowledge within the Second Amended Complaint, as she was the person who provided examples to ESC representatives, illustrating the unlawful practice. [Dkt. 23 at 14].

At this preliminary stage, this Court should find that Relator sufficiently articulated how she gained her direct, first-hand knowledge of Defendant's submission of false claims to the Government, and the government payment of such claims. See *Atkins*, 470 F.3d at 1359. Critical to this conclusion should be the type of fraud alleged in Relator's Second Amended Complaint which depends on particularized anesthesia billing but also depends on the Defendant's submission of the claims to the Government after having knowledge of the fraud, by Relator. Despite Relator's identification and opposition of the unlawful anesthesia billing, Defendant would nevertheless continues to double bill anesthesia to Medicare and Medicaid.

In this case, Relator satisfies with Rule 9(b) with respect to the circumstances of the fraud she alleges during her employment with Epic, as she was heavily engaged in Defendant's process of anesthesia billing and set-up, as outlined in her Second Amended Complaint. For

7

these reasons, considered cumulatively, this Court should conclude that Relator's Second Amended Complaint contains sufficient indicia of reliability for Defendant's allegations during her employment with Epic Systems.

## CONCLUSION

Defendant's Motion to Dismiss should be denied because Relator's Second Amended Complaint pleads facts with particularity, and specificity based upon her first hand knowledge of the fraudulent claims alleged in her Second Amended Complaint, that, when accepted as true for purposes of reviewing Defendant's Motion, present more than a "plausible" claims for relief under the False Claims Act, as required by Federal Rules 8(a), 9(b) and 12(b)(6).

Dated This January 23, 2018.

    /s/ David J. Linesch
**DAVID J. LINESCH, ESQ.**
Florida Bar No. 0373078
**DANIELA CARRION, ESQ.**
Florida Bar No. 125366
Attorneys for Plaintiff/Relator
*LINESCH FIRM, P.A.*
700 Bee Pond Road
Palm Harbor, FL 34683
Telephone: (727) 786-0000
    Fax: (727) 786-0974
Email: Laborlaw@Lineschfirm.com

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court utilizing the CM/ECF system this 23th day of January, 2018 and will electronically transmit a digital copy of the filing to all attorneys of record .

                                                  /s/ David J. Linesch
                                                **DAVID J. LINESCH, ESQ.**
                                                Attorney for Plaintiff/Relator